IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON BLOSS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GERALD R. ROZUM, et al. | : | NO. 08-2214 |

**REPORT AND RECOMMENDATION**

**JACOB P. HART**

**UNITED STATES MAGISTRATE JUDGE**                              **December 5, 2008**

This is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by an individual currently incarcerated at State Correctional Institution Somerset in Somerset, Pennsylvania. For the reasons that follow, I recommend that the petition be dismissed as untimely.

**FACTS AND PROCEDURAL HISTORY:**

Petitioner, Brandon Bloss' conviction stems from the murder of a 19 year old woman, Devon Guzman, with whom his wife had been having a relationship. Following the murder, both he and his wife, Michele Hetzel were charged with criminal homicide and conspiracy to commit homicide. On October 5, 2001, following a jury trial, Bloss and his wife, Hetzel, were found guilty of first degree murder. They were each sentenced to life in prison. The trial court denied post-sentence motions on March 1, 2002. Bloss filed a direct appeal and by way of an opinion dated March 14, 2003, the Superior Court affirmed the judgements of sentence. Commonwealth v. Bloss, (Pa. Super. March 14, 2003). Bloss sought discretionary review in the Pennsylvania Supreme Court. His petition for allowance of appeal was denied on December 2, 2003.

On December 1, 2004, Bloss filed a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541, et seq.  After conducting an evidentiary hearing on April 4 and April 5, 2005, and hearing oral argument on May 18, 2005, the PCRA court denied the PCRA petition on December 27, 2005.  The Superior Court issued an opinion dated November 15, 2006, affirming the PCRA court's findings.  Commonwealth v. Bloss, (Pa.Super. November 15, 2006).  The Pennsylvania Supreme Court denied his petition for allowance to appeal on May 15, 2007.

Bloss filed the instant petition for writ of habeas corpus on May 5, 2008[1], raising the following grounds for relief: (1)  violation of his fourth, fifth and fourteenth amendment rights stemming from the search of an automobile in which incriminating evidence was found and then used against him at trial; (2) violation of his fourth, fifth and fourteenth amendment rights stemming from the prosecution's use of "bite-mark" photographs which were protected under work product privilege; (3)  violation of his fourth, fifth and fourteenth amendment rights stemming from the police obtaining a third vial of blood; (4) violation of his fifth and fourteenth amendment rights stemming from the Commonwealth's introduction of DNA evidence; (5)  violation of his fourth, fifth and fourteenth amendment rights stemming from the search of a garage and residence; (6) violation of his fifth and fourteenth amendment rights stemming from the victim's body being exhumed for purposes of securing a dental impression; (7) violation of his fifth, fourteenth and sixth amendment rights resulting from his counsel's failure to call available character witnesses; (8) violation of his fifth and fourteenth amendment rights resulting from the trial court's failure to

---

[1]Although the petition was docketed on May 13, 2008, pursuant to the "prisoner mailbox rule", a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing.  See Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).  Therefore, we will use the date on which he signed the petition as the date of filing.

properly instruct the jury on accomplice liability; and (9) violation of his fifth and fourteenth amendment rights because the evidence was insufficient to establish first degree murder. Thereafter, The District Attorney filed an Answer arguing that Bloss' claims lack merit, neglecting to address the statute of limitations.

My initial review of the record revealed that the petition was untimely. In compliance with Day v. McDonough, 547 U.S. 198, 126 S. Ct. 1675 (2006), I therefore issued an Order dated November 7, 2008, asking both Respondent and Petitioner to address the issues of timeliness of the petition, equitable tolling and whether the Court should enforce the statute of limitations despite Respondent's failure to raise it as a defense when filing his response. Thereafter, Respondent filed a supplemental answer raising the statute of limitations and asking that the petition be dismissed as untimely. In compliance with the Court's Order, Petitioner through an attorney, filed a memorandum addressing the timeliness issues, arguing that the petition is in fact timely. Respondent also filed a memorandum in compliance with the Order, arguing that the petition is untimely, that Bloss has not demonstrated equitable tolling and that the statute of limitations should be enforced because Bloss did not suffer any prejudice.

After review of these submissions, we find that Respondent did not intentionally waive the statute of limitations. We find the petition to be untimely and do not find that Bloss was prejudiced by the Respondent's initial failure to raise the defense.

**DISCUSSION**:

Notwithstanding Bloss' allegations of substantive grounds for relief, one procedural obstacle precludes federal review of those claims – timeliness. Under the Antiterrorism and Effective Death

Penalty Act of 1996, ("AEDPA"), enacted April 24, 1996:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[2]

28 U.S.C. § 2244(d)(1) (1996).

In the case at bar, Bloss' conviction became final on December 2, 2003, when the Pennsylvania Supreme Court denied his petition for allowance of appeal.  See Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (judgment becomes final at the conclusion of direct review or the expiration of time for filing such review, including the time for filing a petition for writ of certiorari in the United States Supreme Court).  He therefore, had until December 2, 2004 to file a timely federal habeas petition, plus any time during which the limitations period was tolled.

Statutory Tolling:

---

[2] The statute also sets forth three other potential starting points for the running of the statute of limitations, as follows:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  However, as petitioner does not allege and as the Court cannot glean any facts supporting these other starting points, we do not consider them.

The statute creates a tolling exception, which notes that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244 (d) (2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out-of-time application and the state court dismisses it as either time-barred or waived, then it is not deemed to be a "properly-filed application" for tolling purposes. Pace v. DiGuglielmo, 544 U.S. 408, 413, 125 S. Ct. 1807, 1812 (2005); see also Merritt v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

Almost a full year after Bloss' conviction became final, on December 1, 2004, Bloss filed a timely PCRA petition. As Bloss now asserts in his memorandum, this PCRA petition acted to toll the federal limitations period. While this is correct, the federal limitations period does not restart from day one when the tolling period ends. Accordingly, since 364 days of the federal limitations period had passed prior to the filing of his PCRA petition, Bloss had only one day remaining in which to file his federal petition, once his PCRA petition was no longer pending. Instead, he waited almost another full year before filing in federal court, making the petition untimely.

Equitable Tolling:

One avenue of relief remains for petitioner. The statute of limitations in the AEDPA is also subject to equitable tolling. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted). The petitioner "must show that

he or she exercised reasonable diligence in investigating and bringing [the] claims.  Mere excusable

neglect is not sufficient." Id. at 618-619 (internal quotation omitted).  The Third Circuit has set forth

three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff;

(2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if

the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum.  Jones v.

Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted).  "In non-capital cases,

attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to

the 'extraordinary' circumstances required for equitable tolling."  Fahy v. Horn, 240 F.3d 239, 244

(3d Cir.), cert. denied, 122 S. Ct. 323 (2001) (citing cases).  To otherwise apply equity would "loose

the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship,

and subjective notions of fair accommodation."  Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir.

2000).

Even in his supplemental memoranda, Bloss has not set forth any explanation for the delay

in filing his petition, let alone a reason constituting extraordinary circumstances. Bloss' lack of

knowledge regarding the statute of limitations or the fact that he presumably believed that the filing

of his PCRA petition would restart the entire one year AEDPA limitations period, is not a sufficient

basis for equitable tolling.  See Connors v. Beth Energy Mines, Inc., 920 F.2d 205, 211 (3d Cir.

1990) (The mere mistake, misunderstanding, or lack of knowledge, is not sufficient grounds for

invoking the doctrine of equitable tolling.); School Dist. of Allentown v. Marshall, 657 F.2d 16, 21

(3d Cir.1981) ("[I]gnorance of the law is not enough to invoke equitable tolling." ).  Consequently,

we decline to exercise our equitable tolling powers and we find the petition time-barred.

Enforcement of the Statute of Limitations:

The United States Supreme Court has held that the district court is permitted to consider, <u>sua sponte</u>, the timeliness of a habeas petition.  <u>Day v. McDonough</u>, 547 U.S. at 210.  The Court in <u>Day</u>, held that before doing so, a court must notify the parties and provide an opportunity to present their positions.  <u>Id.</u>  "Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and 'determine whether the interests of justice would be better served' by addressing the merits or by dismissing the petition as time barred."  <u>Id.</u>

In this case, the parties were notified by my Order dated November 7, 2008, and were provided with an opportunity to respond.  Both parties filed a memorandum in compliance with the Order, addressing the issues of timeliness and enforcement of the statute of limitations.  Furthermore, Respondent actually supplemented its Answer to raise the statute of limitations, indicating that its initial failure to raise the defense was not an intentional waiver, but was due to inadvertence.  As was the case in <u>Day</u>, there have been no court proceedings since the Respondent's initial Answer, in which they failed to raise the statute of limitations.  Bloss has not demonstrated any prejudice resulting from the  Respondent's initial failure to address the defense.  I have no reason to find that the District Attorney's initial failure to address the time-bar was an intentional waiver and do not find that Bloss has suffered any prejudice.  We therefore, will enforce the statute of limitations and dismiss the petition in its entirety.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this 5th  day of December, 2008, IT IS RESPECTFULLY RECOMMENDED

that the petition for writ of habeas corpus be DISMISSED.  There has been no substantial showing

of the denial of a constitutional right requiring the issuance of a certificate of appealability.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days to serve and file written

objections to this Report and Recommendation.


/s/ Jacob P. Hart

JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRANDON BLOSS                        :        CIVIL ACTION
                                     :
   v.                                :
                                     :
GERALD R. ROZUM, et al.              :        NO. 08-2214

**O R D E R**

LEGROME D. DAVIS, J.


        AND NOW, this                day of                        , 2009, upon careful and
independent consideration of the petition for writ of habeas corpus, and after review of the Report
and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

        1.  The Report and Recommendation is APPROVED and ADOPTED.

        2.  The petition for a writ of habeas corpus is DISMISSED.

        3.  There is <u>no</u> basis for the issuance of a certificate of appealability.


                        BY THE COURT:



                        _____
                        LEGROME D. DAVIS, J.